# Whitsel v. PennDOT

*Anthony Stefanon,* for plaintiff.

*Nicholas Noel III,* for defendants Gannett Fleming Inc. and JBC Associates Inc.

*Steven C. Gould,* for defendants PennDOT and Commonwealth, Department of Environmental Protection.

*R. Thomas McLaughlin,* for defendant Johnson Mirmiran & Thompson P.C.

KLEINFELTER, *J.,* October 26, 2005—Before the court is plaintiff's petition to open and strike judgment of non pros which judgment had been sought and entered on behalf of defendant Johnson Mirmiran & Thompson P.C. (JMT).

A review of the procedural history is necessary. The action commenced with the filing of a writ of summons on March 6, 2003. A complaint followed on June 6, 2003. Although other defendants filed preliminary objections to the complaint, JMT did not. JMT filed its answer with new matter on July 28, 2003. Plaintiff's reply to new matter was filed August 8, 2003.

On July 12, 2005, almost two years after filing its answer, JMT invoked the provisions of Pa.R.C.P. 1042.3 certificate of merit[1] by filing a praecipe with the prothonotary seeking entry of judgment of non pros for failure to file the certificate required by the rule. Judgment of non pros was entered on July 12, 2005, and plaintiff's instant petition to open was filed September 23, 2005.

Plaintiff's petition to open challenges JMT's judgment of non pros on two grounds. In the first place, plaintiff contends that JMT's invocation of Rule 1042.3 is untimely and that any objection for failure to comply with the rule has been waived. Second, and more fundamentally, plaintiff contends that Rule 1042.3 applies only to an action against "a licensed professional" and that JMT is an unlicensed corporation.

We addressed the latter issue in our November 14, 2003 opinion in this matter *(Whitsel I)* when the identical issue was raised by JMT's co-defendants, Gannett Fleming Inc. and JBC Associates by filing preliminary objections in the nature of a motion to strike.[2] In *Whitsel I* we opined:

"On the other hand, we must agree with plaintiffs' argument that Rule 1042.1 as drafted applies only to actions against licensed persons and not to unlicensed corporations. The plain words of Rule 1042.1 are clear and unambiguous. The rule applies only to a 'licensed pro-

---

1. Adopted January 27, 2003, effective immediately.

2. The issue was also raised through preliminary objections filed by defendant Pennoni Associates, which we denied by memorandum opinion filed September 21, 2004.

fessional' and the latter is unambiguously defined as 'any person who is licensed pursuant to an Act of Assembly.'

"In the case of 'an engineer,' subsection (b)(1)(vi) of the rule refers us to the Engineer, Land Surveyor and Geologist Registration Law, 63 P.S. §148 et. seq. That law makes it unlawful 'for any person' to practice engineering unless licensed and registered. See 63 P.S. §150. Corporations engaged in providing engineering services are not licensed but are required only to ensure that 'the directing heads and employees of such firm or corporation in responsible charge of its activities' be licensed. 63 P.S. §153.

"Had the Pennsylvania Supreme Court intended Rule 1042.1 et seq. to apply to licensed professional corporations it certainly could have said so. Yet, even were we to interpret 'persons' to include corporations, the rule would still not apply instantly since objecting defendants are not *licensed* corporations. We must interpret the absence of language making the rule applicable to unlicensed corporations as manifesting intent to exclude such defendants from the scope of the rule, even if the action sounds in professional liability negligence." *Id.* at 7.

Notwithstanding our prior opinion, JMT argues that we should reconsider our holding in light of *Rogal v. Silverstein,* Superior Court no. 3307 EDA 2004, a non-precedential decision filed July 18, 2005. In *Rogal* the defendants were Harry P. Silverstein D.D.S., P.C. and Harry P. Silverstein D.D.S. Plaintiff had filed no Rule 1042.3 certificate and did not contend that his action against the dentist personally could survive non pros. Plaintiff did claim, however, that his claim against Silverstein P.C. should survive.

The panel of the Superior Court first noted that Pa.R.C.P. 76 includes "corporations" within the definition of "person" and that the Professional Corporations Law, 15 Pa.C.S. §2903(b), authorizes "licensed persons to render professional services by means of a professional corporation in all cases." The panel concluded that, at least as far as dentists are concerned, Rule 1042.3 should apply to corporations.

In our prior opinion we considered the applicability of the rule to licensed professional corporations but noted that "even were we to interpret 'person' to include corporations, the rule would still not apply instantly since objecting defendants are not *licensed* corporations." *Whitsel I, supra* at 7. (emphasis in original)

On the other hand, we would not contend that Rule 1042.3 is not capable of being given the broader interpretation espoused by the non-precedential decision in *Rogal.* Whether the rule should be interpreted narrowly on its face as we did in *Whitsel I,* or more broadly as in *Rogal,* must await a definitive appellate opinion.

Instantly, however, the inquiry does not end with an interpretation of the term "licensed person." Plaintiffs' petition to open makes two additional points. First, plaintiff claims that her complaint is not based upon an allegation that a licensed professional deviated from an acceptable professional standard; and, secondly, that the applicability of Rule 1042.3 has been waived by failure to raise it timely.

Because we agree with the second proposition, we will not indulge an analysis of the former. It is true, as JMT contends, that the rule does not state precisely when a defendant must file its praecipe for non pros.

Rule 1042.3 mandates that a plaintiff's certificate of merit be filed "with the complaint or within sixty days" thereafter unless the court "upon good cause shown, shall extend the time . . . for a period not to exceed sixty days." Rule 1042.6 prevents the prothonotary from entering judgment of non pros during the initial 60-day period or during any extension. The question remains however, "After all time for filing the certificate has been exhausted, when should a party assert the remedy provided in Rule 1042.6?" We believe the answer is found in Rule 1042.4 Responsive Pleading:

"A defendant against whom a professional liability claim is asserted shall file a responsive pleading within the time required by Rule 1026 or within twenty days after service of the certificate of merit on that defendant, whichever is later."

Rule 1026 requires that every pleading subsequent to the complaint shall be filed within 20 days after service of the preceding pleading. Subsequent pleadings include, of course, preliminary objections and, while a praecipe for entry of judgment of non pros may not be technically a "pleading" or "preliminary objection," we believe the spirit of Rule 1042.4 is to require EITHER an answer, a preliminary objection OR the Rule 1042.6 praecipe within 20 days after the time for filing the certificate has expired.

Another approach would be to require the Rule 1042.6 praecipe to be filed within a "reasonable" time after the time for filing the certificate has passed.

We hold instantly that JMT should have filed its praecipe for judgment of non pros at least within 80 days of the filing of the complaint (allowing 60 days to

file the certificate plus 20 days thereafter) unless there was some reason for a delay. Here, JMT filed its answer to the complaint on July 28, 2003, and did not assert any rights it had under Rule 1042.6 until July 12, 2005. JMT has advanced no reason for such an unreasonable delay. Given these circumstances, we hold that JMT has waived any right it had under Rule 1042.6.

Accordingly, we enter the following:

### ORDER

And now, October 26, 2005, plaintiff's petition to open and strike judgment of non pros is granted and the prothonotary of Dauphin County is directed to strike the judgment entered against plaintiff on July 18, 2005.